[Crim. No. 20162. Second Dist., Div. One. Dec. 28, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
ALAN J. CHAIN, Defendant and Appellant.

---

COUNSEL

Timothy J. Lemucchi and Dustin N. Jameson for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Howard J. Schwab, Deputy Attorney General, for Plaintiff and Respondent.

---

OPINION

THOMPSON, J.—This is an appeal from a judgment of conviction on one count of violation of Penal Code section 261, subdivision 4, rape, and one count of violation of Penal Code section 288a. We affirm the judgment.

Stated in the light most favorable to the judgment, the record reveals the following. Appellant met Mrs. Patricia S., a widow, on the evening of April 2, 1970, at a restaurant-cocktail bar called Donkin's Inn in Marina del Rey when she accidentally stepped on his foot. Mrs. S. and a girl friend joined appellant and two friends. Appellant bought drinks. The group proceeded to another bar. During the course of the evening, appellant made a date with Mrs. S. for dinner on the following Saturday night, April 4. The two left the bar separately. Appellant called Mrs. S. at her place of employment the following morning to confirm the date.

Appellant picked Mrs. S. up at her apartment. They proceeded to a restaurant where they met another couple, friends of appellant. Drinks were consumed before, with and after dinner. The other couple left for a movie. Appellant and Mrs. S. departed for a bar with music at about 11 p.m. They stayed at the bar about 20 minutes. Appellant then suggested they go to another bar near his apartment. Mrs. S. agreed. Appellant and Mrs. S. drove to his apartment where he parked his car. The two abandoned the thought of going to the bar and decided instead to go to appellant's apartment to listen to a new record album. Appellant after failing to seduce Mrs. S. forced her to engage in an act of sexual intercourse after striking her with his fist and threatening to knock her out. Appellant also engaged in an act of oral copulation with Mrs. S. Mrs. S. ran partially

clothed from the apartment early the next morning. She pounded on the door of a neighboring apartment asking for help. The police were called. The police arrived at approximately 6:15 a.m. They noted that Mrs. S. had no shoes, was in a state of partial undress, and was distraught. She took them back to appellant's apartment. He was not there. Appellant was arrested and charged with the two offenses against Mrs. S. He was also charged with three other offenses involving the attempted rape of Karen E. At a jury trial appellant admitted sexual intercourse with Mrs. S. but claimed the episode was a commercial transaction with consent. He explained the flight of Mrs. S. and her complaint to the police by his failure to loan her $50 as promised. He denied any act of oral copulation. Appellant was acquitted of the offenses alleged against Miss E., but was convicted of rape upon and oral copulation with Mrs. S.

On this appeal appellant contends: (1) the evidence is insufficient to support the conviction; (2) the trial court prejudicially erred in receiving evidence of uncharged prior sexual misconduct allegedly committed by appellant; and (3) the trial court erroneously permitted the jury to separate after the case was submitted to them. We conclude that appellant's contentions are not supported by the record or the law.

■ Appellant's contention that the judgment of conviction is not supported by substantial evidence must be rejected. While appellant argues that the testimony of Mrs. S. is inherently improbable his support of that argument in essence asks this court to reweigh the credibility of the witnesses at trial. This we cannot do. (*People* v. *Jones,* 268 Cal.App.2d 161, 165 [73 Cal.Rptr. 727]; Witkin, Cal. Evidence (2d ed. 1966) § 1122 and cases there cited.)

■ Appellant's contention that the trial court erred in receiving evidence of his prior sexual misconduct must also be rejected on the record here. The prosecution presented evidence of an alleged act of forcible oral copulation committed by appellant upon Mrs. W. which was not the subject of a criminal charge. Appellant did not at trial object to the evidence.

Evidence of other criminal acts even when relevant to the issue of guilt on the basis of establishing more than a predisposition to commit the act charged should be received with caution lest it place an undue burden on the defendant. (*People* v. *Kelley,* 66 Cal.2d 232 [57 Cal.Rptr. 363, 424 P.2d 947].) However, evidence of another sex crime offered in a prosecution for a similar crime is not inadmissible per se but may be received to establish motive, intent or identity. (*People* v. *Kelley, supra,* p. 242.) Since the evidence is not inadmissible per se, any error in its admission may

be waived by failure to object to it. (Witkin, Cal. Evidence (1969 Supp.) § 1285 et seq., and cases there cited; Witkin, Cal. Criminal Procedure (1969 Supp.) § 747 et seq. and cases there cited.) Thus, if there is no objection to the evidence the defendant is precluded from raising the issue on appeal, unless it is clear from the record that the objection, if made, would not likely have erased the prejudicial effect of the evidence. In the case at bench appellant had ample opportunity to object before any intimation of prejudicial evidence reached the jury. Mrs. W. did not suddenly and without warning testify to sexual misconduct by appellant. The preliminary examination of the witness includes 23 questions and answers before the first damaging question was asked. Those early questions amply warned appellant of what was to come. In spite of that warning no objection was tendered. We must thus conclude that if there is any defect in the admissibility of the evidence of sexual misconduct with Mrs. W. that defect was waived by the failure to object and cannot be raised on appeal.

■ Appellant's contention that the trial court prejudicially erred in permitting the jury to separate after the case had been submitted to them and while they were not deliberating must also be rejected by reason of the 1969 amendments to Penal Code sections 1121 and 1128.

Prior to amendment section 1121 read: "The jurors . . . may, at any time before the submission of the cause to the jury, . . . be permitted to separate or be kept in charge of a proper officer." Case law construing the section as it existed prior to 1969 found reversible error if the jurors in a criminal trial were permitted to separate after the case was submitted and before their decision. (*People* v. *Werwee,* 112 Cal.App.2d 494 [246 P.2d 704].)

The 1969 amendment deleted the phrase "at any time before submission of the cause to the jury." Thus, Penal Code section 1121 as amended vests the trial court with discretion to permit jurors to separate or to sequester them without the qualification that the jurors be permitted to separate only before the cause is submitted. The intent and meaning of the amendment to section 1121 seem clear. Appellant attacks the apparent meaning on two grounds: (1) he claims that section 1121 is modified by Penal Code section 1128 as amended so that it does not mean what it says; and (2) he attacks the validity of the section as imposing an unconstitutional classification because it is only effective from 1969 until December 31, 1971. The attack misreads section 1128 and is unsound on constitutional grounds.

Section 1128 now reads: "After hearing the charge, the jury may either decide in court or may retire for deliberation. If they do not agree without

retiring [for deliberation], an officer must be sworn to keep them together [for deliberation] in some private and convenient place and, [during such deliberation], not to permit any person to speak to or communicate with them, nor to do so himself, unless by order of the court, . . . [The court shall fix the time and place for deliberation. The jurors shall not deliberate on the case except under such circumstances. If the jurors are permitted by the court to separate, the court shall properly admonish them.]" The 1969 amendment inserted the phrases shown in brackets in our quotation of the section.

While appellant contends that section 1128 requires that the jurors in a criminal matter must, after they are charged, either decide the case or be kept together by an officer, the section as amended requires only that the jurors be in an officer's charge while deliberating. That limitation plus the amended language of section 1121 authorize the action of the trial court permitting the jurors to separate after a proper admonition while they were not deliberating.

█ Appellant's contention that the short life of the 1969 amendments to sections 1121 and 1128 imposes an unconstitutional discrimination in violation of the Fourteenth Amendment is without merit. We must sustain the legislative classification if it has any rational basis. Here, where the change in law is procedural only and does not affect substantial rights the interest of the Legislature in testing the new procedure for a relatively short period before making it permanent validates any classification inherent in the short duration of the legislation.

The judgment is affirmed.

Lillie, Acting P. J., and Clark, J., concurred.

A petition for a rehearing was denied January 25, 1972, and appellant's petition for a hearing by the Supreme Court was denied February 23, 1972.